IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KYLE ATLEE CAMPBELL,           )
                               )
        Plaintiff,              )
                               )
        v.                      )    1:12CV719
                               )
STATE OF NORTH CAROLINA,       )
et al.,                        )
                               )
        Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, and a Defendant in this Court in United States v. Campbell, Case No. 1:11CR325, initially submitted two similar, untitled documents. Both bore captions consistent with the filing of a case and indicated that Plaintiff was filing suit against the State of North Carolina and Scotland County. Plaintiff gave no statutory basis for his filings. However, he alleged that his rights had been violated though searches conducted based on what he believed to be invalid warrants issued by state Magistrates. He also claimed to be wrongfully incarcerated and asserted that his right to a speedy trial had been violated. Plaintiff did not ask for any relief, but did state at one point that he would be filing a civil rights action pursuant to 42 U.S.C. § 1983.

The documents Plaintiff initially filed were unclear. However, given his allegations of civil rights violations and his expressed intent to file under § 1983, the Court treated the submissions as a § 1983 Complaint [Doc. #1] and as a Supplement [Doc. #2] to that

Complaint. As such, those initial submissions were deficient because they were not submitted on the proper forms for filing under § 1983 and because Plaintiff did not pay the applicable $350.00 filing fee or make a request to proceed *in forma pauperis*. However, Plaintiff subsequently submitted what has been docketed as an Amended Complaint [Doc. #3] on the § 1983 forms, and an application to proceed *in forma pauperis* [Doc. #4].

Shortly thereafter, Plaintiff submitted a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, challenging his conviction and sentence in his criminal case in this Court, United States v. Campbell, Case No. 1:11CR325. In that case, Mr. Campbell was convicted as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924(a)(2), and sentenced to 84 months imprisonment. In his § 2255 Motion, Mr. Campbell raises many of the same claims raised in his § 1983 Complaint. To the extent that those claims are more properly construed as attempts to challenge his federal conviction or sentence, those claims are proceeding as part of the § 2255 Motion, and would not be proper under § 1983. Heck v. Humphrey, 512 U.S. 477 (1994).

The Court also notes that in his § 1983 Complaint, Plaintiff may be seeking to challenge his pending state court charges in this Court. If so, Plaintiff should be aware that it is not ordinarily proper for this Court to intervene in ongoing state criminal matters. Instead, issues in those cases should usually be litigated in the state criminal courts. Nevertheless, if Plaintiff believes he has grounds for such a filing, he must submit the claims through a habeas corpus petition under 28 U.S.C. § 2241.

Finally, to the extent Plaintiff has attempted to assert claims pursuant to § 1983 in the

present case, the § 1983 Complaint is still deficient because:

1.  Plaintiff does not name proper defendants or given sufficient addresses for them to be served. If Plaintiff seeks to file under § 1983, he must name the persons who are actually responsible for the alleged violations of his constitutional rights. The caption for Plaintiff's Complaint lists "Scotland County Law Enforcement" and the "Federal Public Defenders Office" as the defendants in the case. In Section IV(B) of the Complaint, where Plaintiff must list the addresses of any defendants in order for them to be considered a party to the case, he lists no addresses whatsoever. Then, in Section V of his Complaint, where he is to list the factual basis for his Complaint, Plaintiff makes no allegations against any Scotland County Law Enforcement personnel. Instead, he alleges in conclusory fashion that two Magistrates in Scotland County issued improper search warrants, that Assistant Federal Public Defender John A. Dusenbury, Jr. did not properly investigate his case, and that a judge with this Court, United States District Judge William L. Osteen, Jr., denied a motion for a continuance that would have allowed Plaintiff to see the evidence against him. In other words, the Defendants listed in the caption of the Complaint do not match the persons described in the factual portions of the Complaint, and Plaintiff provides no addresses for any Defendant.

2.  Plaintiff is not seeking proper relief and/or has not filed the correct action for the relief he seeks. As noted above, to the extent Plaintiff is challenging his federal conviction or sentence, that challenge must proceed under 28 U.S.C. § 2255. To the extent he is seeking release from state pre-trial custody, that action must proceed under 28 U.S.C. § 2241. Finally, to the extent Plaintiff is asserting a claim for damages, three of the persons against whom Plaintiff makes factual allegations are judges or judicial officers. Such persons are immune from suit for damages for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). The other individual against whom Plaintiff makes factual allegations is a public defender who is not subject to suit under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981).[1]

---

[1] In addition, the Court notes that John Dusenbury and Judge Osteen are federal, not state, employees or officials. Suits against federal actors may not be brought via § 1983. District of Columbia v. Carter, 409 U.S. 418 (1973). Plaintiff may be attempting to assert a Bivens claim by alleging that federal officers violated his constitutional rights. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, federal public defenders are not federal officials subject to suit under Bivens. See Anderson v. Sonenberg, 111 F.3d 962 (D.C. Cir.1997) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of Bivens."); Bradford v. Shankman, 772 F.2d 905 (6th Cir. 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action."). In addition, principles of immunity
(continued...)

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new action or actions, on the proper § 1983, § 2255, or § 2241 forms, which correct the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, § 2255 forms, § 2241 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, § 2255 forms, § 2241 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

---

[1] (...continued) applicable to § 1983, including judicial immunity noted above, also apply to Bivens actions. Ehrlich v. Giuliani, 910 F.2d 1220 (4th Cir. 1990); Lyles v. Sparks, 79 F.3d 372, 376 n.4 (4th Cir. 1996).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action or actions, on the proper forms, which correct the defects cited above.

This, the 19th day of November, 2012.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge